UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Warren Ray Thompson,

        Plaintiff,

vs.　　　　　　　　　　　　　REPORT AND RECOMMENDATION

VAMC Fargo, ND 58102, and
Dr. David T. Mortensen,

        Defendants.　　　　　　　Civ. No. 06-3490 (JNE/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Chief Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Warren Ray Thompson for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II. Factual and Procedural Background

The Complaint in this case is a two-page handwritten document, which is accompanied by photocopies of various letters, medical records, billing statements, and other documents. The Complaint itself does not mention any specific historical events, or any specific legal principles, but instead, merely identifies the parties, and provides a brief description of the relief sought by the Plaintiff. The documents submitted with the Complaint note that the Plaintiff is suffering from various medical conditions, which he apparently attributes to an unsuccessful hernia operation performed at a Veterans Hospital in 2002.

One of the two named Defendants in this action is identified as VAMC Fargo, N.D. 58102 ("VAMC"), which presumably is a Veterans Administration Medical Center located in Fargo, North Dakota. The other named Defendant, Dr. David T. Mortensen ("Dr. Mortensen"), is referenced only in the caption of the Complaint. No other identification of Mortensen can be found anywhere in the Plaintiff's submissions.

As far as we can tell, the Plaintiff is alleging that the VAMC, and perhaps, Dr. Mortensen, injured him, by negligently performing a hernia operation on him. It appears that he is attempting to sue the Defendants for medical malpractice.

The Plaintiff seeks a judgment awarding him $1,000,000.00, payment for "all future operations," and payment for "all home care thats [sic] possible including Doctors & staff, nurses [and] thereapist [sic]." The Complaint also states that the Plaintiff wants to "[b]e able to choose what ever hospital be it Mayo Clinic Rochester MN, St. Joes, VA, Mt Sinia [sic], any where in the world, U.S. Canada, etc."

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief may be granted. Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to sufficiently describe any set of historical facts entitling him to relief, or advance any legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based upon some legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780

F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Here, the Plaintiff's Complaint does not describe any historical facts upon which relief could be granted, and it does not identify any legal bases for the Plaintiff's claims against either of the Defendants. As previously noted, Dr. Mortensen is not even mentioned in any of the substantive allegations of the Complaint. Needless to say, the Complaint does not describe any specific acts or omissions by the Defendants which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendants. In addition, we cannot find any reference to any legal principle on which the Plaintiff's lawsuit is purportedly based. Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action.

Furthermore, even if we have correctly surmised that the Plaintiff is attempting to bring a medical malpractice claim against the Defendants, his Complaint still fails to state an actionable claim. As the VAMC is a Federal entity, any suit based on its alleged negligence -- the tort principle upon which medical malpractice claims are based -- could be brought only under the Federal Tort Claims Act ("FTCA"). See, Title 28 U.S.C. §§2671-2680; Motley v. United States, 295 F.3d 820, 823-24 (8th Cir. 2002)("The FTCA provides the exclusive statutory remedy for plaintiffs' medical

malpractice claim against PHC and its medical staff because this otherwise private medical center is deemed a federal employee for FTCA purposes.")

If Dr. Mortensen is employed by VAMC -- which we presume on the basis of the Plaintiff's meager submissions -- then the FTCA is also the only means for bringing a claim based on his alleged negligence. See, United States v. Smith, 499 U.S. 160, 163 (1991)("[A]n FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment"); Brown v. Armstrong, 949 F.2d 1007, 1013 (8th Cir. 1991)("[T]he FTCA is an exclusive remedy for torts committed by federal employees acting within the scope of their employment.")

To bring an actionable FTCA claim, however, a claimant must show that he has previously exhausted his FTCA administrative remedies. See, Title 28 U.S.C. §2675(a)("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing * * * "); see also, Sanders v. United States, 760

F.2d 869, 872 (8th Cir. 1985) ("The timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the [FTCA]").

As a consequence, "[t]he burden is on the plaintiff to plead and prove compliance with §2401(b) [i.e., timely compliance with the exhaustion requirements of the FTCA]." Johnson v. The Smithsonian Institution, 189 F.3d 180, 189 (2nd Cir. 1999); see also, Bender v. General Services Administration, 2006 WL 988241 at *1 (S.D.N.Y., April 14, 2006); Thomas v. Department of Veterans Affairs, 2006 WL 1636738 at *5 n. 3 (S.D.N.Y., April 3, 2006), adopted, 2006 WL 1594481 (S.D.N.Y., June 6, 2006). Since the Plaintiff has not alleged that he has exhausted his FTCA administrative remedies, he has not stated an actionable FTCA claim in his Complaint. For this additional reason, we find that the Plaintiff has failed to state a cause of action on which relief can be granted.

Therefore, since the Plaintiff has failed to plead an actionable claim, his IFP application must be denied, and this action must be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2.   That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

Dated: September 11, 2006          *s/Raymond L. Erickson*

                                   Raymond L. Erickson
                                   CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 28, 2006**, a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 28, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.